UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY RUBY**, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| **DISH NETWORK, LLC**, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

HENRY RUBY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DISH NETWORK, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19154.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with an office located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number

11.     Plaintiff has only used his number as a cellular telephone number.

12.     Beginning in or before late 2016, and continuing through at least April 2017, Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone.

13.     When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. The automated calls began with a noticeable delay or pause with no caller on the line before Plaintiff was transferred to a representative or the call terminated.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after calls began in or around late 2016, Plaintiff first told Defendant to stop calling, revoking any consent the Respondent may have had or thought it had to call.

17. Once Defendant knew its calls were unwanted there was no lawful purpose in continuing to call Plaintiff.

18. However, Defendant continue to call Plaintiff through April 2017.

19. Plaintiff found Defendant's repeated calls to be harassing, invasive, frustrating, annoying, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. After Plaintiff told Defendant to stop calling, the Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked, yet willfully and/or knowingly continued to place calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded voice.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HENRY RUBY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HENRY RUBY, demands a jury trial in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                        RESPECTFULLY SUBMITTED,

DATED: January 31, 2018        KIMMEL & SILVERMAN, P.C.

                                By: /s/Amy L.B. Ginsburg
                                    AMY L.B. GINSBURG
                                    Attorney ID # 202745
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: (877) 788-2864
                                    Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT