# Exhibit G

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY RUBY, | ) | CASE NO. 2:18-cv-00400-JHS |
| | ) | |
| Plaintiff, | ) | JUDGE JOEL H. SLOMSKY |
| | ) | |
| vs. | ) | |
| | ) | |
| DISH NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT DISH NETWORK L.L.C.'S FIRST SET OF INTERROGATORIES

Plaintiff, Henry Ruby (hereinafter "Plaintiff"), by and through his counsel Kimmel & Silverman, P.C., responds to the First Set of Interrogatories Directed to Plaintiff by Defendant DISH NETWORK, LLC. ("Defendant") as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to all requests to the extent that they are vague, overbroad, unduly burdensome and an attempt to impose duties on Plaintiff beyond those set forth in the federal rules of civil procedure.

2. Plaintiff objects to all requests to the extent that the requests seek information that is not relevant and not material to the subject matter of this action, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to all requests to the extent that they seek information and/or documents which are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the federal rules of civil procedure relating to trial preparation materials, or materials which are otherwise privileged and/or not discoverable.

4. The following responses are given without waiver of Plaintiff's right to supplement her responses as subsequently discovered facts and documents become available through discovery in this case. Plaintiff reserves the right to supplement her responses to Defendant's discovery requests.

## RESPONSES TO INTERROGATORIES

1.     Identify all persons with knowledge of facts which relate to the Action and provide a summary of that knowledge.

**ANSWER: Plaintiff Henry Ruby ("Plaintiff"), 12026 Academy Road, Philadelphia, Pennsylvania 19154, phone 267-979-9968 , who may only be contacted through counsel, has knowledge of facts related to this Action as he received calls from Defendant Dish Network, LLC ("Defendant") to his cellular telephone number of 267-979-9968 from around late 2016 through April 2017 and spoke to the Defendant several times, making requests for them to stop calling that were ignored. On information and belief, Defendant and any third parties Defendant may have hired, if any, to place calls on its behalf may also have knowledge regarding calls. Plaintiff has issued the attached subpoena to Metro PCS, his cellular telephone carrier (contact information on the subpoena), which may have some records related to calls. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

2.     Identify each and every document that you may introduce or otherwise use as an exhibit at any stage, including trial, for this Action.

**ANSWER:    Objection. Plaintiff objects that this request improperly asks Plaintiff to identify his counsel's litigation strategy and reveal attorney work product and attorney client communications and calls for identification of exhibits prior to the dates for identification to be set in pretrial. Additionally, Plaintiff counsel has not yet identified what documents may be used as exhibits. Notwithstanding and without waiving these objections, Plaintiff will likely use excerpts from the subpoenaed cellular telephone records (not yet received), excerpts from transcripts of any depositions taken in this case, and reserves the right to use any or all documents produced by Defendant in this litigation, by any third party vendor, if any, used by Defendant to make calls, and by any third party, if any, that produces documents or records related to calls. All such documents obtained from sources other than Defendant will be produced to Defendant. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

3.     Identify the Telephone Number or Numbers at issue.

**ANSWER:    Plaintiff received calls from Defendant on his Metro PCS cellular telephone number of 267-979-9968. Plaintiff estimates he has had this number since at least 2015, if not earlier. Plaintiff does not believe he received calls at any prior cellular telephone number. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

2

     d.     The owner of the Cellular Telephone and the subscriber to the Telephone

Number corresponding to the Cellular Telephone;

**ANSWER:    Plaintiff is the owner and subscriber of the cellular telephone with number 267-979-9968 and was so during the entire time period at issue in this case. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

     5.     Separately for each of the Telephone Calls, identify:

     a.     The exact time and date that the Telephone Call was received;

**ANSWER:    Plaintiff received repeated telephone calls from Defendant to his cellular telephone number of 267-979-9968 from late 2016 through April 2017. Plaintiff does not know the exact dates and times of the calls. The callers identified themselves as calling for Defendant by name and were trying to collect an alleged balance on Plaintiff's DISH Network account. When calls first started, Plaintiff had a few conversations where he told Defendant he could not afford to pay and would make a payment when he could. When the Defendant still continued to call, Plaintiff told the Defendant to stop calling him. Plaintiff estimates this conversation occurred in late 2016, not that long after calls started. But the Defendant did not stop calling. Instead, the Defendant continued to call through April 2017. This forced Plaintiff to make additional requests to stop calling in early 2017, that were also ignored. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

     b.     The person(s) who answered, listened to, or otherwise participated in the

Telephone Call or a recording of such call, with an identification of that person's role with

respect to the Telephone Call (e.g., did the person answer, listen to, or otherwise participate

in the call, and what was the nature of the participation);

**ANSWER:    Plaintiff received repeated telephone calls from Defendant to his cellular telephone number of 267-979-9968 from late 2016 through April 2017. The callers identified themselves as calling for Defendant by name and were trying to collect an alleged balance on Plaintiff's DISH Network account. When calls first started, Plaintiff had a few conversations where he told Defendant he could not afford to pay and would make a payment when he could. When the Defendant still continued to call, Plaintiff told the Defendant to stop calling him. Plaintiff estimates this conversation occurred in late 2016, not that long**

**after calls started. But the Defendant did not stop calling. Instead, the Defendant continued to call through April 2017. This forced Plaintiff to make additional requests to stop calling in early 2017, that were also ignored. Plaintiff does not recall the names of any of Defendant's representatives. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

        c.      Whether you or anyone on your behalf tape recorded, digitally recorded, or recorded in any other manner, or transcribed any portion of the Telephone Call (this Interrogatory includes any passive recording, such as when an answering machine records an incoming call into voicemail);

**ANSWER:   Plaintiff did not audio record or transcribe the calls he received from Defendant. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

        d.      The Telephone Number from which the Telephone Call originated; and

**ANSWER:   Plaintiff does not recall the telephone numbers from which he received calls from Defendant. Plaintiff recalls that the Defendant called him from multiple numbers. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

        e.      Any Telephone Numbers or information gleaned from using any call back, caller ID, *69, *57, or other feature designed or permitting to ascertain caller information.

**ANSWER:   Plaintiff does not recall the telephone numbers from which he received calls from Defendant. Plaintiff recalls that the Defendant called him from multiple numbers. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

6.    Identify every Communication that you or any Resident has had with Defendant and/or any person regarding Defendant, including the substance of the conversation, the date of the conversation, and the participants to the conversation.

**ANSWER:    Plaintiff received repeated telephone calls from Defendant to his cellular telephone number of 267-979-9968 from late 2016 through April 2017. Plaintiff does not know the exact dates and times of the calls. The callers identified themselves as calling for Defendant by name and were trying to collect an alleged balance on Plaintiff's DISH Network account. When calls first started, Plaintiff had a few conversations where he told Defendant he could not afford to pay and would make a payment when he could. When the Defendant still continued to call, Plaintiff told the Defendant to stop calling him. Plaintiff estimates this conversation occurred in late 2016, not that long after calls started. But the Defendant did not stop calling. Instead, the Defendant continued to call through April 2017. This forced Plaintiff to make additional requests to stop calling in early 2017, that were also ignored. The Plaintiff did not send any correspondence to Defendant about the calls. Plaintiff did receive some bills from Defendant, but would throw these out when he was done with them. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

7.    Identify every Communication that you or any Resident has had with any person regarding the Action, or any facts that relate to or underlie the Action.

**ANSWER:    Objection. Plaintiff objects that this request is so overly broad as to include communications between Plaintiff and counsel which are protected by attorney client privilege and attorney work product privilege. Notwithstanding and without waiving these objections, Plaintiff has not discussed these actions with persons other than his counsel. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

8.    Separately for each Communication that You have had with Defendant identify the date and time of the Communication and whether each Communication was initiated by You.

**ANSWER:    Plaintiff received repeated telephone calls from Defendant to his cellular telephone number of 267-979-9968 from late 2016 through April 2017. Plaintiff does not know the exact dates and times of the calls. The callers identified themselves as calling for Defendant by name and were trying to collect an alleged balance on Plaintiff's DISH Network account. When calls first started, Plaintiff had a few conversations where he told Defendant he could not afford to pay and would make a payment when he could. When the Defendant still continued to call, Plaintiff told the Defendant to stop calling him. Plaintiff estimates this conversation occurred in late 2016, not that long after calls started. But the**

**Defendant did not stop calling. Instead, the Defendant continued to call through April 2017. This forced Plaintiff to make additional requests to stop calling in early 2017, that were also ignored. The Plaintiff did not send any correspondence to Defendant about the calls. Plaintiff did receive some bills from Defendant, but would throw these out when he was done with them. Plaintiff may or may not have called Defendant, such as after missing a call to see who had called, but does not recall doing so specifically. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

9.      If you performed Internet research to form, support, corroborate, or confirm your beliefs and/or contentions, state what websites you visited, the dates that you visited those websites, and what information you entered into those websites (e.g., the telephone number corresponding to the Line).

**ANSWER:    Plaintiff did not conduct any internet research. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

10.      Identify every person whom you intend to call as an expert witness at any stage of this Action, and for each such person state whether or not the expert has rendered an opinion to you in writing, orally or both; the subject matter about which such person will testify; and the substance of the facts and opinions to which such person is expected to testify.

**ANSWER:    Plaintiff has not obtained any experts at this time. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

11.      Identify each and every lawsuit that you have filed, that has been filed on your behalf, or where you have been named as a plaintiff, involving the TCPA.  At a minimum, your Answer should include an identification of the court, case number, the substance of claims made therein, and the status or disposition of each lawsuit.

## INTERROGATORIES

14.    Identify whether you or anyone on your behalf recorded Plaintiff's inbound telephone calls to DISH.

**ANSWER:    Plaintiff did not record or have anyone else record any of his inbound calls to DISH. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

15.    Identify all facts upon which you base your allegation that "Shortly after calls began in or around late 2016, Plaintiff first told Defendant to stop calling, revoking any consent," as alleged in paragraph 16 of the Complaint.

**ANSWER:    Plaintiff received repeated telephone calls from Defendant to his cellular telephone number of 267-979-9968 from late 2016 through April 2017. Plaintiff does not know the exact dates and times of the calls. The callers identified themselves as calling for Defendant by name and were trying to collect an alleged balance on Plaintiff's DISH Network account. When calls first started, Plaintiff had a few conversations where he told Defendant he could not afford to pay and would make a payment when he could. When the Defendant still continued to call, Plaintiff told the Defendant to stop calling him. Plaintiff estimates this conversation occurred in late 2016, not that long after calls started. But the Defendant did not stop calling. Instead, the Defendant continued to call through April 2017. This forced Plaintiff to make additional requests to stop calling in early 2017, that were also ignored. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

Dated: July 5, 2018                    Respectfully submitted,

                                       /s/ Rachel Rebecca Stevens
                                       Rachel Rebecca Stevens, Esq.
                                       Kimmel & Silverman, P.C
                                       30 East Butler Pike
                                       Ambler, PA 19002
                                       Telephone: (215) 540-8888, ext. 141
                                       Facsimile (877) 600-2112
                                       Email: teamkimmel@creditlaw.com